UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ALFRED VITALONE

                             Plaintiff                     FIRST AMENDED
       -against-                                           COMPLAINT
                                                                  PLAINTIFFS DEMAND
THE CITY OF NEW YORK,                            TRIAL BY JURY
POLICE OFFICER JOHN GRANTON, SGT MATTHEW
MITCHELL Sh. # 2111, P.O. FRANK DESIDERATO, Sh. # 13351,
P.O. ROBERT AMATY, Sh. # 5637,. P.O. MICHAEL
OTTERBECK, Sh. # 2498, Lt. CHRISTOPHER
BANNON, P.O. RUDY ANZALONE, Sh. # 27189,
P.O. CHRISTOPHER MALDONADO, Sh. # 950,
SGT. DHANAN SAMINATH, Sh. # 4270, P.O. THOMAS
EDWARDS, Sh. # 2143, P.O. MICHAEL MCAVOY,
POLICE OFFICER MATTHEW GUELI, Sh. # 11130
POLICE OFFICER GEOVANI SANCHEZ, Sh. # 23649
POLICE OFFICER MICHAEL CORSELLO, Sh. # 13665
& POLICE OFFICER GARY TRABUSCIO, Sh. # 25794

                                                                       15-CV-8525
                            Defendants

-----------------------------------------------------------------------X


MICHAEL COLIHAN- ATTORNEY AT LAW

                                                                      44 Court Street
                                                                         Suite 906
                                                          Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALFRED VITALONE

                            Plaintiff                       FIRST AMENDED
    -against-                                                  COMPLAINT
                                                                   PLAINTIFFS DEMAND
THE CITY OF NEW YORK,                             TRIAL BY JURY
POLICE OFFICER JOHN GRANTON, SGT MATTHEW
MITCHELL Sh. # 2111, P.O. FRANK DESIDERATO, Sh. # 13351,
P.O. ROBERT AMATY, Sh. # 5637,. P.O. MICHAEL
OTTERBECK, Sh. # 2498, Lt. CHRISTOPHER
BANNON, P.O. RUDY ANZALONE, Sh. # 27189,
P.O. CHRISTOPHER MALDONADO, Sh. # 950,
SGT. DHANAN SAMINATH, Sh. # 4270, P.O. THOMAS
EDWARDS, Sh. # 2143, P.O. MICHAEL MCAVOY,
POLICE OFFICER MATTHEW GUELI, Sh. # 11130
POLICE OFFICER GEOVANI SANCHEZ, Sh. # 23649
POLICE OFFICER MICHAEL CORSELLO, Sh. # 13665
& POLICE OFFICER GARY TRABUSCIO, Sh. # 25794

                                                                   15-CV-8525
                           Defendants

------------------------------------------------------------------------x

      Plaintiff, ALFRED VITALONE by his attorney, Michael Colihan, as and for his complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

      1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief without probable cause, unlawfully arrested and falsely imprisoned the plaintiff in Richmond County . He was assaulted and injured as well .The plaintiff suffered loss of liberty and serious and severe physical and

psychological injuries, the full nature and extent of which have yet to be determined. The plaintiff did not consent to any confinement and it was not otherwise privileged.. The underlying criminal case against the plaintiff was dismissed.  By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. The plaintiff alleges that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color, as well as others,  by members of The New York City Police Department . The motivation for these unlawful arrests is, upon information & belief,  overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

## JURISDICTION

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment, assault and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant

police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4. Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, especially with respect to the managers of the City of New York and The New York City Police Department who allow the unlawful acts complained of to continue.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

## PARTIES

6. The plaintiff ALFRED VITALONE is a 39 year old male and a resident of the City and State of New York, in Richmond County.

7. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

8. The defendant THE CITY OF NEW YORK maintains, operates, manages and

controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

9.  That the defendant POLICE OFFICER JOHN GRANTON was and is an agent, servant and employee of the defendant the City of New York .

10. That the defendant SGT. MATTHEW MITCHELL was and is an agent, servant and employee of the defendant the City of New York .

11. That the defendant POLICE OFFICER FRANK DESIDERATO was and is an agent, servant and employee of the defendant the City of New York .

12. That the defendant POLICE OFFICER ROBERT AMATY was and is an agent, servant and employee of the defendant the City of New York .

13. That the defendant MICHAEL OTTERBECK was and is an agent, servant and employee of the defendant the City of New York .

14. That the defendant LT CHRISTOPHER BANNON was and is an agent, servant and employee of the defendant the City of New York .

15. That the defendant RUDY ANZALONE was and is an agent, servant and employee of the defendant the City of New York .

16. That the defendant CHRISTOPHER MALDONADO was and is an agent, servant and employee of the defendant the City of New York .

17. That the defendant SGT. DHANAN SAMINATH was and is an agent, servant and employee of the defendant the City of New York .

18. That the defendant THOMAS EDWARDS was and is an agent, servant and employee of the defendant the City of New York .

19. That the defendant POLICE OFFICER MICHAEL MCAVOY was and is an agent, servant and employee of the defendant the City of New York .

20. That the defendant POLICE OFFICER MATTHEW GUELUI, Sh. # 11130 was and is an agent, servant and employee of the defendant the City of New York .

21. That the defendant POLICE OFFICER GEOVANI SANCHEZ, Sh. # 23649 was and is an agent, servant and employee of the defendant the City of New York .

22. That the defendant POLICE OFFICER MICHAEL CORSELLO, Sh. # 13665 was and is an agent, servant and employee of the defendant the City of New York .

23 That the defendant POLICE OFFICER GARY TRABUSCIO Sh. # 25794 was and is an agent, servant and employee of the defendant the City of New York .

## STATEMENT OF RELEVANT FACTS

24. That on or about the 24th day of June, 2014, the plaintiff ALFRED VITALONE was lawfully in the City and State of New York in the County of Richmond, in St. George at or near 60 Bay Street.

25. The plaintiff ALFRED VITALONE was committing no crime at that time and was not acting in a suspicious manner. He was not in possession of any contraband or controlled substances.

26. At the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

27.  The defendant officers continued to imprison ALFRED VITALONE  after his unlawful arrest. He was issued a Desk Appearance ticket # 2014RI007308 returnable at 67 Targee Street in the Criminal Court of the City of New York .

28. While the plaintiff was being held, his designated " arresting officer" ,with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

29.. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

30. The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

31. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiffs .

32. The events complained of are not isolated incidents. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the

NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

33. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

34. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

35. By reason of the foregoing, plaintiff sustained injury and damage as described above.

**AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
ALFRED VITALONE
Deprivation of Rights under 42 U.S.C. Section 1981 & 1983**

36.  The plaintiff repeats the foregoing allegations

37.  Each, every and all of the aforementioned acts of defendants, their agents,

servants and employees were performed and carried out under color of law.

38. All of the above described acts deprived plaintiff ALFRED VITALONE of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

39. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

40. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

42. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CLAIM ON BEHALF OF ALFRED VITALONE**

Assault & Excessive Force under 42 U.S.C. Section 1983

43. Plaintiff repeats the foregoing allegations.

44 .   The Defendants assaulted the plaintiff ALFRED VITALONE without just cause, used excessive force upon him, causing him to suffer physical and psychological injury.

45. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CLAIM ON BEHALF OF ALFRED VITALONE**
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

46. Plaintiff repeats the foregoing allegations

47.   The Defendants arrested the plaintiff ALFRED VITALONE without probable cause, causing him to be detained against her will for an extended period of time and subjected to physical restraints.

48. The individually named defendants caused plaintiff ALFRED VITALONE to be falsely arrested and unlawfully detained. The case was eventually dismissed and sealed in the criminal court of the City of New York and County of Richmond.

49. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to

compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CLAIM ON BEHALF OF ALFRED VITALONE
### ( Malicious prosecution under 42 U.S.C. Section 1983 )

50. Plaintiff repeats the foregoing allegations

51. The individually named defendants began, initiated, commenced and continued a malicious protection against the plaintiff ALFRED VITALONE

52. Defendants caused the plaintiff ALFRED VITALONE to be prosecuted without probable cause .

53. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF ALFRED VITALONE
### Abuse of Process under 42 U.S.C. Section 1983

54. Plaintiff repeats the foregoing allegations

55. The defendants issued criminal process against the plaintiff ALFRED VITALONE by arresting him and falsely prosecuting him in .

56. Defendants, their agents servants and employees, by their conduct herein alleged, caused the plaintiff ALFRED VITALONE to be arrested and prosecuted in order to obtain an impermissible collateral objective outside the legitimate ends of the legal system, to wit: to avoid discipline for their abuse of authority, to gain overtime compensation, and thereby violated plaintiff's right to be free from malicious abuse of process.

57. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to

compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CLAIM ON BEHALF OF ALFRED VITALONE
(Violation of Right to a Fair Trial under 42 U.S.C. Section 1983)

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. Defendants created false evidence against the plaintiff ALFRED VITALONE including false statements .

60. Defendants used the false evidence against ALFRED VITALONE in a legal proceeding in the Criminal Court of the City of New York.

61. By reason of the defendant's creation, fabrication, and use of false evidence against the plaintiff ALFRED VITALONE, plaintiff suffered and experienced a violation of his right to a fair trial as guarantied by the Constitution of the United States.

62. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH  CLAIM ON BEHALF OF ALFRED VITALONE
Failure to Intervene under 42 U.S.C. Section 1983

63. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

65. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

66. By reason of the foregoing the plaintiff had his liberty restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

67. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A EIGHTH CLAIM ON BEHALF OF ALFRED VITALONE
Supervisory Liability under 42 U.S.C. Section 1983

68. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

69. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.        70. By reason of the foregoing, the plaintiff ALFRED VITALONE is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN NINTH CLAIM ON BEHALF OF ALFRED VITALONE
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

71. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

.        72. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

73. The aforementioned procedures, customs, usage, practices, rules and/or

regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

74. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

75 . That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

76. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.          .

77. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

78. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen

was convicted of homicide and attempted murder while he was under indictment for other crimes.

79. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

80. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

81 . Particularly in Richmond County, that has been a pattern of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits . The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv-02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v

NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209,  Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits.

82. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in the preceding paragraphs since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and /or settled all of same:

83. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and/ or deliberately ignored.

84. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

85.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed

to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

87. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

88. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be

just and fair:

      b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

      c. Attorney's fees in an amount which this Court shall consider just & fair;

      d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

May 17, 2016.

.            This is an electronic signature

--------------/s/------------------------------

MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788